ROBERT R. POWELL, ESQ., CSB# 159747
DOUGLAS D. DURWARD, ESQ., CSB#215910
LAW OFFICES OF ROBERT R. POWELL
95 South Market Street, Suite 260
San Jose, California 95113
408-271-2300 Telephone
408-271-2303 Facsimile

Attorneys for Plaintiff
JESSE MILLER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| JESSE MILLER, | Case No. |
| Plaintiffs, | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS |
| v. | (42 U.S.C. 1983), FALSE ARREST/ IMPRISONMENT, INTENTIONAL |
| CITY OF CAMPBELL, D. CARMICHAEL, ERIN THOMAS, and DOES 1-10, inclusive, | INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |
| Defendants. | DEMAND FOR JURY TRIAL |

**I. JURISDICTION AND INTRA-DISTRICT ASSIGNMENT**

1.    **JURISDICTION.** Plaintiffs bring this civil rights lawsuit pursuant to 42 U.S.C. Section 1983 to redress the deprivation by defendants, at all times herein acting under color of state law, of rights secured to plaintiffs under the United States Constitution, including the Fourth Amendment, and under federal law.

Jurisdiction is conferred on this Court by 28 U.S.C. section 1343(3) and 1343(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is also conferred by 28 U.S.C. Section 1331(a) because claims for relief derive from the United States Constitution and the laws of the United States.

1

COMPLAINT
MILLER V. CITY OF CAMPBELL
CASE NO. _____

This Court has supplemental jurisdiction over plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367(a).

**INTRADISTRICT ASSIGNMENT.** Venue properly lies in the Northern District of California, San Jose Division, pursuant to 28 U.S.C. Sections 1391 and 1392 and Local Rule 3-2(e), in that the events and circumstances herein alleged occurred in Santa Clara County, and at least one defendant resides in Santa Clara County.

**II. PARTIES**

2.      Plaintiff JESSE MILLER (hereinafter "JESSE") at all times relevant hereto, was a resident of the County of Santa Clara.

3.      Defendant CITY OF CAMPBELL ("CITY"), is a municipality, organized and existing under the laws of the State of California, and has as a departmental subunit thereof, the CAMPBELL POLICE DEPARTMENT, ("CPD").  Defendant D. CARMICHAEL (first name unknown, badge #53), identified herein by said title, and all Doe defendants, were at all times relevant herein, police officers with CPD, and thereby an employee(s) of CITY (referred to collectively herein as "CPD Defendants"). The CPD is a governmental agency and/or subunit, organized and existing pursuant to the rules, regulations, policies and laws of defendant CITY, and is the agency which promulgated, encouraged, and/or permitted, the policies, patterns, and practices under which the individual defendant police officers, and DOES 1-10, committed the acts or omissions complained of herein, and with CITY, is the agency which condoned, ratified, and encouraged the conduct of defendant DOES 1-10 complained of herein.

4.      Defendant ERIN THOMAS ("THOMAS") at all times relevant hereto, was a resident of the County of Santa Clara.

5.      Plaintiff is ignorant of the true names and identities of those defendants sued fictitiously herein as Does 1 - 10, inclusive. Plaintiff is informed and believes and thereon alleges that all

2

defendants and said defendants participated or failed to participate in some manner in the events complained of herein, which acts or failures to act were in some manner a proximate cause of the injuries complained of by JESSE, and for which, whether by agreement, inadequate supervision/training/education, and/or by consent, ratification, or active participation, CITY and such Doe defendants are responsible and/or liable for the Plaintiff's injuries and damages.

**III.  FACTUAL ALLEGATIONS**

6. JESSE was married to THOMAS at all times relevant herein, and the parties have one child named Caytlin Thomas, born 10/26/2000.  The couple lived together only a day or two after marriage, at which time THOMAS left JESSE.  After their separation Caytlin was born.

7. Since the birth of Caytlin, THOMAS has engaged in a pattern of making false accusations against JESSE for purposes of gaining an advantage or leverage vis-à-vis obtaining sole legal and physical custody of their minor child through the court system in the dissolution matter involving JESSE and THOMAS.  THOMAS has intended to inflict, or acted with reckless disregard for the likelihood of causing plaintiff JESSE severe emotional distress, and has consciously and purposefully made false accusations for purposes of disrupting, and has disrupted, the relationship between JESSE and his daughter.

8. On December 26th, 2002, an unidentified police officer with the CPD telephoned JESSE, and asked him to come down and "talk."  JESSE asked the officer why he wanted to talk to him, but the officer refused to tell him why, then told him that if he didn't come down and talk to them, "[CPD] will come to you house and arrest you."  He asked why they would arrest him, and the officer said, "Well we can't tell you, you just need to come down here and talk to us."

9. JESSE went down to the Campbell Police Department and approached the reception desk and advised the receptionist of his identity and that he had been asked to come down and talk to

a police officer.  Immediately, thereafter, without questioning JESSE or engaging him in any conversation whatsoever, two officers, one of whom was defendant D. CARMICHAEL, stepped out of a door, directed JESSE to put his hands behind his back, and arrested him.  He remained in jail for approximately 6 days. At no time was he advised of the crime with which he was accused by any member of the CPD.  At no time was he read his Miranda rights by any member of the CPD.  At no time was he questioned by any member of the CPD about whatever allegations had been made against him.

10.    JESSE did not learn that the charges against him were until two days later when his parents visited him in jail.  At that time he learned that THOMAS had made claims that JESSE had committed domestic violence against her and possibly Caytlin, a day or two before she apparently reported the alleged violence to the CPD.   THOMAS later recanted the entire claim of violence.

**IV.  DAMAGES**

11.    As a result of the conduct of defendants, the plaintiff has suffered pain and severe emotional distress, and could barely function for employment purposes and therefore incurred lost wages, and is reasonably anticipated to incur further lost wages and impairment of earning capacity in the future.   For a significant period of time after each of the incidents complained of hereinabove, plaintiff could not enjoy almost any activity due to the malaise associated with his depressed emotional and psychological state, growing fear of further harassment and incarceration by the police, and loss of trust and respect for figures of authority in his community.  These incidents and JESSE's incarceration also caused humiliation and embarrassment and loss of reputation in the community.

12.  Plaintiff seeks an award of exemplary (punitive) damages pursuant to California Civil Code Section 3294 to make an example of and punish defendants, and in the hope of deterring future conduct of a similar nature. Defendants are guilty of oppression, fraud, or malice by way of the acts heretofore alleged.

V.  CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983)
(JESSE Against All CPD Defendants & Thomas - Arrest)

13.  Plaintiff re-alleges and incorporates paragraphs 1 through 10, inclusive, as though fully set forth at this point, as they relate to a cause of action for a violation of JESSE's civil rights under the 4th Amendment of the U.S. Constitution, with regard to the unlawful arrest and imprisonment of his person, and alleges said arrest was without probable cause, an arrest warrant, or exigent circumstances. JESSE alleges that in taking the actions complained of herein, CPD Defendants were either encouraged, directed, or otherwise assisted in procuring the arrest of plaintiff JESSE without due process of law by the actions, statements, or conduct of THOMAS, as hereinabove alleged.

14.  The conduct of defendants was the proximate cause of the damages set forth in paragraphs 11 and 12 herein, which are incorporated in this First Claim for Relief as though fully set forth at this point.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST / IMPRISONMENT
(JESSE Against THOMAS – False Imprisonment/Arrest)

15.  JESSE re-alleges and incorporates paragraphs 1 through 10, inclusive, as though fully set forth at this point, as they relate to a cause of action for false arrest and/or imprisonment.

16. By actively engaging the cooperation of the CPD in THOMAS' effort to have JESSE jailed, and separated from his daughter Caytlin, THOMAS caused the false arrest and imprisonment of JESSE. Plaintiff is informed and believes that THOMAS encouraged, directed, or otherwise assisted in procuring the arrest and imprisonment of JESSE, as heretofore alleged.

17. The conduct of THOMAS was the proximate cause of the damages set forth in paragraphs 11 and 12 herein, which are incorporated in this Second Claim for Relief as though fully set forth at this point.

### THIRD CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Plaintiff Against THOMAS)

18. Plaintiff JESSE re-alleges and incorporates paragraphs 1 through 10, inclusive, as though fully set forth at this point, as they relate to a cause of action for intentional infliction of emotional distress.

19. By acting in a manner heretofore alleged with regard to the making of false accusations of domestic violence and enlisting law enforcement to fulfill the defendant THOMAS's desire to have JESSE jailed, disrupt JESSE's relationship with his daughter, and otherwise alienate JESSE from his daughter, defendant THOMAS engaged in outrageous, unprivileged conduct, that was harmful and offensive, and intended to cause severe emotional distress and/or engaged in the conduct with reckless disregard of the probability of causing JESSE severe emotional distress. As a result of THOMAS's conduct, plaintiffs did suffer severe emotional distress.

20. The conduct of THOMAS was the proximate cause of the damages set forth in paragraphs 11 and 12 herein, which are incorporated in this Third Claim for Relief as though fully set forth at this point.

**FOURTH CLAIM FOR RELIEF**
**NEGLIGENCE**
(Plaintiff Against THOMAS – Negligence)

21.   Plaintiff re-alleges and incorporates paragraphs 1 through 10, inclusive, as though fully set forth at this point, as they relate to a cause of action for negligence.

22.   THOMAS had a duty to act reasonably under the circumstances and obey the laws of the State of California, which prohibit the making of a false police report, and false claims of child abuse, and in making false allegations of abuse against JESSE, did breach her duty to act reasonably under the circumstances, thereby causing JESSE the damages set forth hereinabove in paragraphs 11 and 12.

23.   The conduct of THOMAS was the proximate cause of the damages set forth in paragraphs 11 and 12 herein, which are incorporated in this Fourth Claim for Relief as though fully set forth at this point.

**FIFTH CLAIM FOR RELIEF**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
(Plaintiff Against THOMAS – Negligent Infliction Emotional Distress)

24.   Plaintiffs re-allege and incorporates paragraphs 1 through 10, 19 and 22, inclusive, as though fully set forth at this point, as they relate to a cause of action for negligent infliction of emotional distress.

25.   The conduct of THOMAS was the proximate cause of the damages set forth in paragraphs 11 and 12 herein, which are incorporated in this Fifth Claim for Relief as though fully set forth at this point.

**V.   PRAYER FOR RELIEF**

   WHEREFORE, Plaintiff respectfully requests that this Court:

COMPLAINT
MILLER V. CITY OF CAMPBELL
CASE NO. _____

1.) Award general, special, and compensatory damages to plaintiff in an amount to be proven at trial.

2.) Award punitive damages against defendants, and each of them, for the extreme and outrageous conduct in complete disregard for the rights of plaintiff;

3.) Award attorneys' fees and costs to plaintiff; and,

4.) Grant plaintiff such other and further relief as the Court may deem just and proper.

Dated: 12/20/04

_____
ROBERT R. POWELL, ESQ.
Attorney for Plaintiff

COMPLAINT
MILLER V. CITY OF CAMPBELL
CASE NO. _____